IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-2286-WJM-CBS

LESLIE WILLIAM WELCH,
EVA WELCH, a minor child, by and through her next friend, LESLIE WILLIAM WELCH, and
HAYDEN WELCH, a minor child, by and through her next friend, LESLIE WILLIAM WELCH,

    Plaintiffs,

v.

JANE SAUNDERS,
JOHN SPAW,
TED MINK, and
KATHLEEN MUELLER,

    Defendants.

## ORDER ON DEFENDANT'S REVISED MOTION FOR ATTORNEY FEES

Before the Court is Defendant Kathleen Mueller's ("Mueller") Revised Attorney Fees Submission. (ECF No. 77 ("Motion").) For the reasons explained below, the Court grants her requested attorney fees in the amount of $1,237.50.

Mueller previously sought an award of attorney fees pursuant to Colorado Revised Statute § 13-17-201 ("Section 201") and 42 U.S.C. 1988 (ECF No. 67 at 3,4.) The Court found that Mueller was entitled to an award of attorney fees under Section 201, but not under § 1988. (ECF No. 76 at 2–3.)[1] Specifically, it stated that because

---

[1] In its earlier Order (ECF No. 76), the Court noted that Section 201 provides for an award of attorneys' fees in certain tort suits if the "action is dismissed . . . under rule 12(b) of the Colorado rules of civil procedure." This provision also applies to Colorado tort claims pending in federal court that are dismissed pursuant to Federal Rule of Civil Procedure 12(b). *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000). The Tenth Circuit has held

the Court is a federal court sitting in diversity, it is *required* under Section 201 to award attorney fees for the claims for civil theft brought pursuant to Colorado Revised Statute 18-4-405. *Jones*, 203 F.3d at 757; *Advanced Career Techs., Inc. v. John Does 1-10*, 100 F.Supp.3d 1105, 1107 (D. Colo. 2015) ("An award of attorney fees is *mandatory* when a trial court dismisses a tort action under C.R.C.P. 12(b)") (quoting *Castro v. Lintz*, 338 P.3d 1063, 1067 (Colo. App. 2014)).

However, it is within the Court's discretion under § 1988(b) to refuse to grant fees for work done in defending against the § 1983 claim. 42 U.S.C. §1988(b). Here, the Court, in its discretion, awards no attorney fees for work done defending against the § 1983 claim. *See e.g. Dorsey v. Pueblo Sch. Dist. 60*, 215 F.Supp.3d 1092, 1094 (Section 1988 provides "limited awards" for prevailing defendants (internal quotation marks omitted)). Moreover, the Court noted, Section 201 authorizes only the award of *reasonable* attorney fees. In evaluating such requests, parties must exercise billing judgment. *See generally Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). Accordingly, the Court directed Mueller to "seek an award of fees only for

---

that "when § 13-17-201 applies, a district court must award attorneys' fees thereunder." *Gen. Steel Domestic Sales, LLC v. Denver/Boulder Better Bus. Bureau*, 2009 WL 1292780, at *2 (D. Colo. May 8, 2009) ("*General Steel*") citing *Wark v. Bd. of Cnty Comm'rs of the County of Dolores*, 47 P.3d 711, 717 (Colo. App. 2002)).

Both the Tenth Circuit and the Colorado Supreme Court have held that "[a]n award of fees under section 13-17-201 does not apply, however, to federal § 1983 claims, because it is preempted by federal law." *General Steel*, 2009 WL 1292780, at *2 (quoting *State v. Golden's Concrete Co.*, 962 P.2d 919, 926 (Colo. 1998)). In *Golden's Concrete*, the Colorado Supreme Court held that "42 U.S.C. § 1988 preempts Colorado's attorney fees statute, section 13-17-201, regarding the award of attorney fees to a prevailing defendant on a section 1983 claim." 962 P.2d at 926. Attorney fees attributed to the federal claims are governed by federal law. *General Steel*, 2009 WL 1292780, at *2. Thus, whether any attorney fees attributable to the § 1983 claim may be awarded is governed by 42 U.S.C. § 1988.

2

work that can be specifically tied to reasonable efforts expended defending against the state law civil theft claim under § 18-4-405." (ECF No. 76 at 3.)

In her present Motion, Mueller included "interlineated invoices showing her exercise of billing judgment to limit the fees sought only to those reasonably attributable to defending Plaintiff's state law claim for civil theft" and claims she is entitled to attorney fees in the amount of $1,237.50 (ECF No. 77 at 1, 2.) Mueller's attorney's affidavit shows that he charged Mueller an hourly rate of $275. (ECF No. 77-1 at 2.) And while "[he] did not specifically segregate [his] time on a claim-by-claim basis," he estimates that his "time was split evenly addressing the two claims in the Motion to Dismiss and that 2/3 of [his] time on the Reply in Support of the Motion Dismiss was spent on the § 1983 claim. The total distribution of time for those briefs was 10.0 hours on the § 1983 claim and [4.5] hours on the civil theft claim."[2] Plaintiff does not dispute that the amount claimed is reasonable. The Court finds that Mueller has exercised reasonable billing judgment and that both the number of hours and hourly rate are reasonable.

Accordingly, Mueller will be awarded her full amount of claimed attorney fees.

\* \* \* \* \*

For the reasons set forth above, the Court ORDERS as follows:

1. Mueller's Revised Attorney Fees Submission (ECF No. 77) is GRANTED;

2. Mueller is AWARDED $1,237.50 in attorney fees; and

---

[2] Mueller's attorney's affidavit evidently misstates the amount of time spent on the civil theft claim as 5.8 hours, since his interlineated invoices and Mueller's brief both claim that 4.5 hours were spent on the civil theft claim. Accordingly, the Court will construe 4.5 hours as the intended figure.

3. The Clerk shall enter judgment accordingly.

Dated this 23rd day of January, 2018.

BY THE COURT:

William J. Martinez
United States District Judge